## Clements-Weekes v. Enamorado

C.P. of Monroe County, No. 1377 CIVIL 2013

*James J. Conaboy*, for plaitniffs.
*Brian P. Corcoran*, for defendant.

WILLIAMSON, *J.*, June 3, 2014—This matter comes before the court on defendant's motion to compel discovery. A review of the parties' briefs and oral argument of counsel reveals the following:

Defendant sent interrogatories and request for documents to plaintiffs which plaintiffs answered, but they did not supply certain information or documents requested. The plaintiffs contend they objected to discovery requests concerning plaintiffs' marriage counseling records, information in possible protection from abuse (PFA) proceedings and a domestic incident as between the plaintiffs. The plaintiffs believe the PFA and domestic incident information can be obtained by the defendant from public records or by subpoena and that

plaintiffs need not obtain and provide such documents. The plaintiffs argue the marriage counseling records are not necessary or relevant to this automobile accident case and are sought to embarrass or harass the plaintiffs. Defendant states the records are relevant to the loss of consortium claim.

Defendant also seeks an order requiring the plaintiffs to execute an authorization for release of Veteran's Affairs (V.A.) medical records. Plaintiffs contend the information of the V.A. is not relevant and that the defendant can obtain it through a request for subpoena. Defendant argues the records are relevant as to plaintiffs' claims for damages due to prior injury, and that the V.A. will not honor a subpoena for medical records. We note depositions of the parties have already taken place as represented to this court by counsel. Defendant seeks an order compelling answers to discovery and production of documents, as well as an authorization for release of records from the V.A.

Generally, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Pa. R.C.P. 4003.1. Limitations to this rule include information that is sought in bad faith; would cause unreasonable annoyance, embarrassment, oppression, burden or expense; is beyond the scope of discovery set forth in Rules 4003.1 — 4003.6; is prohibited by law; or, would cause the party so requested to make an unreasonable investigation into the matter. Pa. R.C.P. 4011.

With regard to the authorization for release of records from Veteran's Affairs, normally a request for subpoena would suffice. Defendant represents the V.A. will not

honor a subpoena. We will take defendant's word to this effect as there is no argument or evidence to the contrary. The requested information is relevant as it could show a prior injury history or pre-existing injury. The fact such information may not be admissible at trial, or necessarily apply to this case, is immaterial. It would be relevant as to damages and therefore, it will be allowed. As there does not appear to be a means to obtain the records by subpoena, we will grant the request to compel the plaintiffs to sign a release for the documents.

Defendant represented at oral argument that they have received, or can receive the PFA and domestic incident records by subpoena. That leaves the issue of the marriage counseling records of the plaintiffs. Defendant contends these records are relevant and discoverable because plaintiff Dalmaar Weekes has sought a loss of consortium claim. Defendant believes the marriage counseling records will support, or may lead to relevant information, regarding the relationship of the plaintiffs at time of and following the accident which could impact damages sought from a loss of consortium claim. Plaintiffs contend release of this information would be an unreasonable annoyance and embarrassment to them, and are irrelevant to the issues in this case. Plaintiffs also argue that the defendant has not followed proper procedures of filing a motion to strike the objection raised by plaintiffs; rather, they filed a motion to compel. We find this last argument of plaintiffs to have no bearing on the instant motion. Whether or not defendants file a motion to strike objection or a motion to compel answers to discovery, the action and relief sought is the same: namely, an order directing discovery be answered. Therefore, we will review the request made by the

defendant in the instant motion to compel.

We note information regarding the parties' marital status at and after the accident is relevant to a loss of consortium claim. We note the plaintiff, Dalmaar Weekes seeks a loss of consortium claim. However, pursuant to Rule 4011, we find the defendant's request for plaintiffs' marriage counseling records, if any, to be an unreasonable annoyance and embarrassment. Those records could detail intimate and private details of the parties that is necessary to attempt to reconcile a private relationship and marriage. Release of those details, disclosed during what was likely a healing and therapeutic, but private setting, could reveal matters that would be wholly embarrassing to one or both plaintiffs. It could also be potentially harmful to the counseling they may have done. Furthermore, the records may have information that contain nothing that is relevant to these proceedings (i.e. working on marital issues as it relates to raising their children; dealing with a difficult life occurrence, etc.). In short, we believe disclosure of marriage counseling records in an automobile accident case can be embarrassing and annoying to a party.

We also note the defendant has had a chance to depose the plaintiffs, and to ask questions regarding the plaintiffs' relationship, including whether or not they have engaged in marriage counseling and other questions dealing with the loss of consortium claim. The defendant will likely inquire at time of trial if the parties engaged in marriage counseling to confront credibility concerning the loss of consortium claim. It is not necessary to have the records disclosing the actual contents of the counseling to discredit the plaintiffs, if that is what the defendant chooses at time of trial. Therefore, we find the information requested is not

discoverable under Rule 4011. That portion of defendant's motion will be denied.

### ORDER

And now, this 3rd day of June, 2014, defendant's motion to compel discovery is granted in part and denied in part. It is ordered and decreed as follows:

1. Plaintiffs shall sign an authorization to release medical records of the Veteran's Administration to defendant's counsel within thirty (30) days of the date of this order;

2. Defendant's request to compel the plaintiffs to answer discovery, regarding any marriage counseling, and to provide all records of any marriage counseling is denied.

3. All other issues raised by defendant's motion are denied as moot.